# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Mark C. Scarsi

From: Jennifer Graciano _____, Deputy Clerk     Date Received: July 6, 2021

Case No.: 2:21-cv-05320-MCS _____   Case Title: Andre Nesbit v. Cook County et al

Document Entitled: (1) Civil Complaint; (2) Supreme Court of Wisconsin (3) Amended Civil Complaint

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☐ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☐ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | Documents are not being filed: Case Closed. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐   The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____                    _____
Date                                                        U.S. District Judge / U.S. Magistrate Judge

☑   The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to counsel.*  Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

July 8, 2021                                          _Mark C. Scarsi_
Date                                                        U.S. District Judge / U.S. Magistrate Judge

\* The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

# In The United States Court
# Central District of California

| | |
|---|---|
| **Andre Nesbit,** ) | Damages: $ 20,100,000 |
| Plaintiff, ) | Case: LACV21-5320-MCS-PPX |
| -and- ) | |
| **Cook County,     and** ) | |
| **Gray Law LLC.** ) | |
| **The Circuit Court of Cook County** ) | |
| **The Supreme Court of Illinois** ) | |
| **Patrick John** ) | |
| **Nya Prude.** ) | |
| Defendant, ) | |

## <u>Civil Complaint</u>

### <u>Parties and Jurisdiction</u>

1. The plaintiff is a resident of Los Angeles, California.

2. The defendant, for all times mentioned herein, was and is a resident of Cook County, State of Illinois.

3.  This Court has subject-matter jurisdiction and the venue is proper pursuant to 28 U.S.C. § 1332 in that the jurisdictional amount exceeds $75,000 and the Plaintiff does not share a state of citizenship with any Defendant.

### <u>Summary of  Facts</u>

1. Marcus Gray lied to the court under oath and stated that the plaintiff, in fact, took his child out of state in violation of a restraining order, without the plaintiff present, resulting in the plaintiff's visitation being terminated with his child for seventeen months..

2. The plaintiff has had a final judgement and joint legal custody of his daughter since 2016; the mother abducted the child for months, and when the plaintiff went to enforce the order they terminated his parenting time.

3. The plaintiff appealed to the Supreme Court and the Supreme Court ruled against him.

4. Cook County Circuit has and is denying due process.

5. When the plaintiff showed up to court, he was told by the court he will be held in contempt if he files anything or says anything, while they have the plaintiff watch them only rule on the respondent's motions and grant her nearly everything she asks for, including terminating his parenting time.

6. Cook county Circuit Court is allowing and aiding Nya Prude in breaking the law.

7. The court is not applying case law.

8. The court is allowing hearsay.

9. The court will not enforce the Supreme Court rules.

10. Cook county Circuit Court will not grant me relief in trial court; to get relief, I must

11. appeal. The judges have told the plaintiff this directly. Many judges claim they have too

12. many cases to hear what I have to say, yet grant the respondents relief immediately.

13. The plaintiff asked the court to dismiss his case without prejudice to open another case, because he felt a judge tainted his case with bias. The court falsely stated that my parentage case was voluntarily dismissed with prejudice, and even more troubling the court stated that the case cannot be reopened without proof of a 604.1b evaluation that only the court can provide. The court assigned no one, so no evaluation could be conducted. The court did this to prejudice the plaintiff and to permanently end the case..

14. Lastly, the plaintiff told the court of suspected abuse and told the court tragic details, and

15. the court ordered the plaintiff not to inform the police or DCFS. All of this was placed in a court order

## Case Law

V.L v E.L (2016)

## Causes of Action

**First Cause of Action: Personal Injury/Negligence Violation of 18 U.S. Code** § 1001—Gray Law LLC.--$10,000,000

**Duty**:  The defendant has a statutory duty to not Violate 18 U.S. Code § 1001

**Breach of statutory duty:** The defendant has breached its statutory duty by making false statements.

**Proximate Cause, Actual Cause:**  The defendant is the cause of the harm the plaintiff has endured, for the defendant knowingly lied under oath to deprive him of his rights.

**Harm:** The plaintiff has lost his child and suffers from clinical depression due to the defendants actions.

**Second Cause of Action: Personal Injury/Negligence Violation of The United States Constitution** —Cook County.--$10,000,000

**Duty**:  The defendant has a statutory duty to not Violate The U.S. constitution.

**Breach of statutory duty:** The defendant has breached its statutory by denying the plaintiff due process.

**Proximate Cause, Actual Cause:**  The defendant is the cause of the harm the plaintiff has endured, for the defendant knowingly Deprived him of his constitutional rights.

**Harm:** The plaintiff has lost his child and suffers from clinical depression due to the defendants actions.

**Third Cause of Action: Writ of Certiorari**-Cook County Circuit Court and Illinois Supreme Court

. **Third Cause of Action: Personal Injury/Negligence Violation of The United States Constitution** —Patrick John-$100,000

**Duty**:  The defendant has a duty to be impartial  and conduct an investigation.

**Breach of statutory duty:** This attorney is meant to be an attorney for the plaintiff's child, but is giving the respondent legal advice: telling her to abduct the child.  He lso supposed to conduct an evaluation and refuses to speak with the plaintiff.

**Proximate Cause, Actual Cause:**  The defendant is the cause of the harm the plaintiff has endured, for the defendant knowingly Depriving him of his right to have an objective and impartial attorney conduct the evaluation.

**Harm:** The plaintiff cannot get visitation without his evaluation .

**Fourth Cause of Action: Writ of Certiorari**-Cook County Circuit Court and Illinois Supreme Court-to review the plaintiff's parentage case.

**Fifth Cause of Action: Temporary Restraining Order and Permanent Injunction**-Nya Prude-preventing the defendant from harassing the plaintiff.

## Analysis

1. The circuit court of Cook County is denying the plaintiff's right to due process and intentionally committing these acts to cause the plaintiff  and his child harm. Without enforcement of the rules and law, the plaintiff is deeply insurmountably prejudiced.

## Prayer for Relief

- **$8,000,000 for mental anguish**
- **$8,000,000 for pain and suffering**
- **$4,100,000 in punitive damages**
- **To Grant a writ of certiorari**
- **To Grant a Writ of Injunction and Temporary Restraining Order**

Andre Nesbit

Pro Se

<u>2870 Los Feliz Pl, Los Angeles, CA 90039</u>

<u>#S240</u>


<u>773-354-9988</u>


[anesbit91@gmail.com](mailto:anesbit91@gmail.com)

Under Penalties of Perjury

Signature: **<u>Andre Nesbit</u>**

**2017 WI 54**

# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2016AP1770-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Carl J. Schwedler, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>     Complainant,<br>  v.<br>Carl J. Schwedler,<br>     Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHWEDLER

| | |
|---|---|
| OPINION FILED: | June 1, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | A.W. BRADLEY, J. concurs, joined by ABRAHAMSON, J. |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2017 WI 54**

NOTICE

This opinion is subject to further
editing and modification. The final
version will appear in the bound
volume of the official reports.

No. 2016AP1770-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Carl J. Schwedler, Attorney at Law:**

**Office of Lawyer Regulation,**

          **Complainant,**

     **v.**

**Carl J. Schwedler,**

          **Respondent.**

**FILED**

**JUN 1, 2017**

Diane M. Fremgen
Clerk of Supreme Court

---

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. On September 12, 2016, the Office of Lawyer Regulation (OLR) filed a complaint and motion pursuant to Supreme Court Rule (SCR) 22.22, requesting this court suspend Attorney Carl J. Schwedler's license to practice law in Wisconsin for a period of six months, as discipline reciprocal to that imposed by the United States Patent and Trademark Office (USPTO). The OLR asked that we order restitution as described herein and impose costs on Attorney Schwedler. Upon review, we

agree that it is appropriate to suspend Attorney Schwedler's law license for a period of six months. Consistent with the terms of the decision rendered by the USPTO, if Attorney Schwedler seeks reinstatement of his license to practice law in Wisconsin, reinstatement may require Attorney Schwedler to demonstrate that he has made restitution to the client. We decline to impose costs on Attorney Schwedler.

¶2   Attorney Schwedler was admitted to practice law in Wisconsin in 1990. He was registered as a patent attorney by the USPTO on April 19, 1993. He was admitted to practice law in California in 2006 and resides in California.

¶3   On October 31, 2009, Attorney Schwedler's Wisconsin law license was suspended for failure to pay State Bar of Wisconsin dues. On June 8, 2011, his Wisconsin law license was further suspended for failure to comply with continuing legal education requirements. Attorney Schwedler's Wisconsin law license remains administratively suspended. In 2015, the State Bar of California transferred Attorney Schwedler to "inactive enrollment" for his failure to timely file a response to then pending disciplinary charges. He was subsequently disbarred. On March 18, 2015, Attorney Schwedler was administratively suspended from practice before the USPTO. He was later excluded from practice before the USPTO.[1]

---

[1] The OLR advises the court that "exclusion from practice" before the USPTO effectively means disbarment. An attorney "excluded from practice" before the USPTO may petition for reinstatement no earlier than five years after being "excluded from practice." 37 C.F.R. §11.60.

2

¶4   On September 12, 2016, the OLR filed a complaint against Attorney Schwedler alleging that, by virtue of the public sanction imposed by the USPTO on March 21, 2016, Attorney Schwedler is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.[2]   On November 30, 2016,[3] this court

---

[2] The relevant portions of SCR 22.22 provide:

(1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(a) A certified copy of the judgment or order from the other jurisdiction.

(b) A motion requesting an order directing the attorney to inform the Supreme Court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the Supreme Court would be unwarranted and the factual basis for the claim.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(continued)

3

directed Attorney Schwedler to inform the court in writing within 20 days of any claim by him, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline reciprocal to that imposed by the USPTO would be unwarranted, and of the factual basis for any such claim.  Attorney Schwedler did not file a response.  On March 23, 2017 this court issued an order directing the OLR to respond to a series of questions regarding this matter.  The OLR filed a response on April 6, 2017.

¶5   We first observe that the USPTO, a federal agency with its own licensing and disciplinary proceedings, is

---

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the Supreme Court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4)   Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule.

[3] Some delay ensued as the OLR sought to accomplish proof of service.   The OLR served Attorney Schwedler pursuant to SCR 22.13(1), sending, by certified mail, an authenticated copy of the complaint and motion and the order to answer to the most recent address Attorney Schwedler had furnished to the State Bar of Wisconsin.   These documents were not returned to the OLR. The OLR also sent authenticated copies of the documents to an address on file with the State Bar of California and the USPTO, again without response.

appropriately considered "another jurisdiction" for purposes of our reciprocal discipline rule, SCR 22.22(1). See In Re Discipline of Peirce, 122 Nev. 77, 78, 128 P.3d 443, 443 (2006), reinstatement granted sub nom. In re Reinstatement of Peirce, No. 62091, 2014 WL 4804214 (Nev. Sept. 24, 2014); People v. Hartman, 744 P.2d 482 (Colo. 1987); People v. Bode, 119 P.3d 1098, 1100 (Colo. O.P.D.J. 2005); In Disciplinary Counsel v. Lapine, 2010-Ohio-6151, ¶¶12-14, 128 Ohio St.3d 87, 89-90, 942 N.E.2d 328, 330-31.

¶6   Accordingly, we consider the following facts, which are taken from the OLR's complaint and from the certified documents attached to the OLR's complaint relating to the underlying disciplinary proceeding.

¶7   On October 6, 2015, the United States Office of Enrollment and Discipline (OED) for the USPTO filed a disciplinary complaint against Attorney Schwedler. Attorney Schwedler failed to respond and the OED eventually sought a default judgment. On March 21, 2016, the USPTO issued an order finding Attorney Schwedler in default, such that he was deemed to have admitted the allegations in the OED's complaint. The USPTO then sanctioned Attorney Schwedler for numerous violations of the USPTO Rules of Professional Conduct. Essentially, Attorney Schwedler undertook to represent a client, G.Y., in a patent application, accepted a $1,500 retainer, and then abandoned the client and the patent application, failing to take any action on the client's behalf. The Administrative Law Judge

(ALJ) concluded that Attorney Schwedler violated USPTO Rules of Professional Conduct, as follows:

1. C.F.R §11.103 proscribes failing to act with reasonable diligence and promptness in representing a client. Respondent agreed to take over the representation of a Client on a [patent] application and told the Client that he would file a response to the June 10, 2013, Final Office Action before September 10, 2013. Respondent failed to file that response allowing the [patent] application to become abandoned. After the [patent] application became abandoned, Respondent made no efforts to revive it. These lapses constitute violations of 37 C.F.R. §11.103.

2. 37 C.F.R. §11.104(a)(3) proscribes failing to keep the client reasonably informed about the status of a matter. Respondent agreed to submit the appropriate filings to the USPTO by September 10, 2013, but failed to do so. This resulted in the [patent] application becoming abandoned. Respondent did not inform the Client of this development or that Respondent had not filed the response. It was only after the Client was notified by Respondent's former firm of the status that Respondent resumed communications with the Client. Such conduct constitutes a violation of 37 C.F.R. §11.104(a)(3).

3. 37 C.F.R. §11.104(a)(4) proscribes failing to promptly comply with reasonable requests for information. As noted [above], Respondent did not resume communications with the Client until after the Client's son began to ask about the status of the [patent] application. The Client's inquiries into the status of the [patent] application were reasonable, especially in light of the fact that the Client was notified that the application had become abandoned. However Respondent's responses, though prompt, were not compliant with the Client's requests for information, because Respondent purposely gave the Client's son incorrect information by indicating that 'everything is normal here' when in fact the [patent] application had become abandoned.

4. 37 C.F.R §11.115(d) proscribes failing to promptly deliver to a client any funds or property that the client is entitled to receive. After the Client informed Respondent that responsibility for the prosecution of the [patent] application had been transferred to another registered practitioner, the Client requested that the prototype for the invention be returned to the Client. Respondent, however, did not return the prototype to Respondent [sic] as requested. Accordingly, Respondent violated 37 C.F.R. §11.115(d).

5. 37 C.F.R §11.116(d) proscribes failing to surrender papers and property to which the client is entitled and to refund any advance payment of fee or expense that has not been earned or incurred upon termination of the practitioner-client relationship. The Client agreed to pay Respondent $1,500 in advance for patent legal services to be rendered. Respondent sent a retention letter noting the $1,500 fee to the Client, who promptly paid the fee. Respondent also sent the Client a September 18th invoice for $1,500, and described in the September 18th invoice the services rendered for the [patent] application as follows: 'Response to Office Action from USPTO and filing continued prosecution application.' However Respondent never earned this fee, because he never performed the services agreed to, and described by, the September 18th invoice. After the Client informed Respondent that his responsibility for the prosecution of the [patent] application had been transferred to another registered practitioner, Respondent did not return the $1,500 fee that the Client prepaid. Accordingly, Respondent violated 37 C.F.R §11.116(d).

6. 37 C.F.R. §11.804(c) proscribes conduct involving dishonesty, fraud, deceit, or misrepresentation. Respondent agreed to represent the Client and file a response to the June 10, 2013, Final Office Action. He did not do so. Yet, Respondent sent the Client an invoice suggesting that he had filed the response and was continuing with the prosecution of the application. Then after the Client's son contacted Respondent regarding the status of the [patent] application, Respondent sent an e-mail to the son stating, 'I have everything in order for filing the response' when in fact, the [patent] application had

7

become abandoned. Such statements were misleading and constitute conduct involving dishonesty and misrepresentation in violation of 37 C.F.R. §11.804(c).

7. 37 C.F.R. §11.801(b) proscribes knowingly failing to respond to lawful demands for information from a disciplinary authority. The OED sent Respondent an RFI that was never answered despite two subsequent communications prompting Respondent that his response to the RFI was due. The OED has provided documentation indicating that Respondent received all three pieces of correspondence. By failing to respond to the RFI and subsequent demands for a response, Respondent violated 37 C.F.R. §11.801(b).

8. 37 C.F.R. §11.804(d) proscribes conduct that is prejudicial to the administration of justice. Respondent failed to respond to the RFI. Respondent's conduct undermines the public's confidence in the profession's ability to regulate itself and is, therefore, prejudicial to the administration of justice in violation of 37 C.F.R. §11.801(d).

¶8   The USPTO decision deemed Attorney Schwedler's actions "knowing and intentional" and stated that they caused "actual injury" to the client and warranted "a severe sanction." Attorney Schwedler was excluded from practice before the USPTO in patent, trademark, and other non-patent cases or matters. See In the Matter of Carl J. Schwedler, Proc. No. D2015-38 (USPTO Dir. Mar. 21, 2016). As noted, "exclusion from practice" is effectively disbarment from practice before the USPTO. The order states that if Attorney Schwedler were to seek reinstatement, it may be conditioned, inter alia, upon restitution to the client.

¶9   The OLR's complaint against Attorney Schwedler alleges the following counts of misconduct:

8

Count One:   By virtue of the OED public sanction, Attorney Schwedler is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.

Count Two:   By failing to notify the OLR of his OED public sanction for professional misconduct within 20 days of the effective date of its imposition, Attorney Schwedler violated SCR 22.22(1).

¶10   We conclude that the facts of record demonstrate that Attorney Schwedler violated SCR 22.22(1) by failing to notify the OLR of his suspension within 20 days of the effective date of its imposition.

¶11   Under SCR 22.22(3), in reciprocal discipline matters, this court shall impose the identical discipline unless one or more of the exceptions enumerated in the rule is shown. Attorney Schwedler has not made any claim or showing that any of the exceptions to the imposition of reciprocal discipline set forth in SCR 22.22(3) apply to this case.   The OLR acknowledges that "identical" discipline cannot be imposed here because SCR 21.16(1m) does not include "exclusion" from practice before a court as a form of discipline available in Wisconsin.

¶12   The OLR also asserts that a six-month license suspension is a proper level of discipline to impose for Attorney Schwedler's misconduct.   The OLR seeks a six-month suspension, rather than license revocation, because it believes that Attorney Schwedler's misconduct justifies a substantially different discipline in Wisconsin, as authorized by SCR 22.22(3)(c). Attorney Schwedler's misconduct involved neglect, misrepresentation, and failure to refund fees.   The OLR asserts that in Wisconsin, such misconduct warrants a six-month

9

suspension.   See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, 343 Wis. 2d 397, 816 N.W.2d 310 (imposing six-month suspension in reciprocal discipline case for practicing without a license, and for neglect and lack of competence in a bankruptcy proceeding); In re Disciplinary Proceedings Against Coplien, 2010 WI 109, 329 Wis. 2d 311, 788 N.W.2d 376 (imposing six-month suspension in reciprocal matter for failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter, failing to make reasonable efforts to expedite litigation consistent with the interests of the client, failing to respond to a lawful demand for information from a disciplinary authority, conduct prejudicial to the administration of justice, and conduct that tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute); In re Disciplinary Proceedings Against Ring, 168 Wis. 2d 817, 484 N.W.2d 336 (1992) (imposing six month suspension in reciprocal discipline case for failure to file an appellate brief and failure to keep the client informed, and lack of candor rising to dishonesty, deceit or misrepresentation).

¶13  The OLR emphasizes that a six-month suspension requires a formal reinstatement proceeding before the suspended attorney can be reinstated to the practice of law.

¶14  We agree that identical discipline is not an option in this case so a different sanction must be imposed.   It is apparent from the language in the USPTO's decision that Attorney

10

Schwedler's misconduct was serious.  The sanction imposed by the USPTO requires a reinstatement proceeding.  Attorney Schwedler has not responded in this matter and has not challenged the OLR's recommended sanction.  Accordingly, we accept the OLR's assertion that a six-month license suspension is appropriate and we suspend Attorney Schwedler's Wisconsin law license for six months as discipline reciprocal to that imposed by the USPTO.

¶15  The OLR initially asked this court to order Attorney Schwedler to pay restitution in the amount of $1,500 to G.Y.  In its April 6, 2017 filing, the OLR revised its recommendation and asks the Court to condition Attorney Schwedler's reinstatement upon making payment to the client in the amount of $1,500, consistent with the terms of the USPTO disciplinary order.  We agree and direct that Attorney Schwedler's reinstatement may be conditioned upon payment of restitution to G.Y.

¶16  Finally, we decline to impose the costs of this proceeding on Attorney Schwedler.  See In re Disciplinary Proceedings Against Hooker, 2012 WI 100, ¶26, 343 Wis. 2d 397, 816 N.W.2d 310 (noting that in reciprocal discipline cases where a referee is not appointed, costs are generally not imposed as there are no referee expenses and the proceedings are less involved).[4]

---

[4] The OLR inadvertently requested appointment of a referee, but later rescinded that request.

¶17  IT IS ORDERED that the license of Carl J. Schwedler to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

¶18  IT IS FURTHER ORDERED that, to the extent he has not already done so, Carl J. Schwedler shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶19  IT IS FURTHER ORDERED that compliance with all conditions of this order, compliance with all conditions of the disciplinary order imposed on him by the United States Patent and Trade Office, In the Matter of Carl J. Schwedler, Proc. No. D2015-38 (USPTO Dir. Mar. 21, 2016), and a showing that Carl J. Schwedler has paid restitution to G.Y. may be required for reinstatement. See SCR 22.29(4)(c).

¶20  IT IS FURTHER ORDERED that the administrative suspension of Carl J. Schwedler's license to practice law in Wisconsin, due to his failure to pay mandatory bar dues and failure to comply with continuing legal education requirements, will remain in effect until each reason for the administrative suspension has been rectified, pursuant to SCR 22.28(1).

No.  2016AP1770-D.awb

¶21  ANN  WALSH  BRADLEY,  J.  *(concurring)*.  I  agree  with the  court's  mandate  but  I  write  separately  to  state  my disagreement  with  the  court's  statement  in  ¶14  of  the  opinion which  states,  "We  agree  that  identical  discipline  is  not  an option  in  this  case  so  a  different  sanction  must  be  imposed." The  United  States  Patent  and  Trademark  Office  (USPTO)  excluded Attorney  Carl  J.  Schwedler  from  practice.  The  Office  of  Lawyer Regulation  (OLR)  has  advised  this  court  that  "exclusion  from practice"  before  the  USPTO  effectively  means  disbarment  for  five years.  Majority  op.,  fn  1.

¶22  We  could  indeed  impose  identical  discipline.  We  could revoke  Attorney  Schwedler's  license  to  practice  law  in  Wisconsin under  SCR  21.16(1m)(a).  See  In  re  Disciplinary  Proceedings Against  Peiss,  2017  WI  49,  ¶24,  ___Wis.  2d  ___,  ___  N.W.2d  ___, (Abrahamson,  J.  concurring,  stating  that  "disbarment  in  Illinois appears  to  be  identical  to  license  revocation  in  Wisconsin.") Rather,  in  this  case  we  exercise  our  discretion  and  opt  to impose  a  lesser  sanction  in  the  form  of  a  six-month  suspension of  Attorney  Schwedler's  law  license.  For  the  reasons  set  forth, I  write  separately.

¶23  I  am  authorized  to  state  that  Justice  SHIRLEY  S. ABRAHAMSON  joins  this  concurrence.

1

No.  2016AP1770-D.awb

# In The United States Court
# Central District of California

<table>
<tr><td>)</td><td></td></tr>
<tr><td>**Andre Nesbit,**</td><td>)</td><td>Damages: $ 20,000,000</td></tr>
<tr><td>Plaintiff,</td><td>)</td><td>Case: LACV21-5320-MCS-PPX</td></tr>
<tr><td>-and-</td><td>)</td></tr>
<tr><td>**Cook County,     and**</td><td>)</td></tr>
<tr><td>**Gray Law LLC.**</td><td>)</td></tr>
<tr><td>**The Circuit Court of Cook County**</td><td>)</td></tr>
<tr><td>**The Supreme Court of Illinois**</td><td>)</td></tr>
<tr><td>Defendant,</td><td>)</td></tr>
</table>

## <u>Amended Complaint</u>

### <u>Parties and Jurisdiction</u>

1. The plaintiff is a resident of Los Angeles, California.

2. The defendant, for all times mentioned herein, was and is a resident of Cook County, State of Illinois.

3. This Court has subject-matter jurisdiction and the venue is proper pursuant to 28 U.S.C. § 1332 in that the jurisdictional amount exceeds $75,000 and the Plaintiff does not share a state of citizenship with any Defendant.

### <u>Summary of  Facts</u>

1. Marcus Gray lied to the court under oath and stated that the plaintiff, in fact, took his child out of state in violation of a restraining order, without the plaintiff present, resulting in the plaintiff's visitation being terminated with his child for seventeen months..

2. The plaintiff has had a final judgement and joint legal custody of his daughter since 2016; the mother abducted the child for months, and when the plaintiff went to enforce the order they terminated his parenting time.

3. The plaintiff appealed to the Supreme Court and the Supreme Court ruled against him.

4. Cook County Circuit has and is denying due process.

5. When the plaintiff showed up to court, he was told by the court he will be held in contempt if he files anything or says anything, while they have the plaintiff watch them only rule on the respondent's motions and grant her nearly everything she asks for, including terminating his parenting time.

6. Cook county Circuit Court is allowing and aiding Nya Prude in breaking the law.

7. The court is not applying case law.

8. The court is allowing hearsay.

9. The court will not enforce the Supreme Court rules.

10. Cook county Circuit Court will not grant me relief in trial court; to get relief, I must

11. appeal. The judges have told the plaintiff this directly. Many judges claim they have too

12. many cases to hear what I have to say, yet grant the respondents relief immediately.

13. The plaintiff asked the court to dismiss his case without prejudice to open another case, because he felt a judge tainted his case with bias. The court falsely stated that my parentage case was voluntarily dismissed with prejudice, and even more troubling the court stated that the case cannot be reopened without proof of a 604.1b evaluation that only the court can provide. The court assigned no one, so no evaluation could be conducted. The court did this to prejudice the plaintiff and to permanently end the case..

14. Lastly, the plaintiff told the court of suspected abuse and told the court tragic details, and

15. the court ordered the plaintiff not to inform the police or DCFS. All of this was placed in a court order

## Case Law

V.L v E.L (2016)

---

## Causes of Action

### First Cause of Action: Personal Injury/Negligence Violation of 18 U.S. Code § 1001—Gray Law LLC.--$10,000,000

**Duty**:  The defendant has a statutory duty to not Violate 18 U.S. Code § 1001

**Breach of statutory duty:** The defendant has breached its statutory duty by making false statements.

**Proximate Cause, Actual Cause:**  The defendant is the cause of the harm the plaintiff has endured, for the defendant knowingly lied under oath to deprive him of his rights.

**Harm:** The plaintiff has lost his child and suffers from clinical depression due to the defendants actions.

### Second Cause of Action: Personal Injury/Negligence Violation of The United States Constitution —Cook County.--$10,000,000

**Duty**:  The defendant has a statutory duty to not Violate The U.S. constitution.

**Breach of statutory duty:** The defendant has breached its statutory by denying the plaintiff due process.

**Proximate Cause, Actual Cause:**  The defendant is the cause of the harm the plaintiff has endured, for the defendant knowingly Deprived him of his constitutional rights.

**Harm:** The plaintiff has lost his child and suffers from clinical depression due to the defendants actions.

**Third Cause of Action: Writ of Certiorari**-Cook County Circuit Court and Illinois Supreme Court.

## Analysis

1. The circuit court of Cook County is denying the plaintiff's right to due process and intentionally committing these acts to cause the plaintiff  and his child harm. Without enforcement of the rules and law, the plaintiff is deeply insurmountably prejudiced.

## Prayer for Relief

- **$8,000,000for mental anguish**
- **$8,000,000 for pain and suffering**
- **$4,000,000 in punitive damages**
- **To Grant a writ of certiorari**

<u>Andre Nesbit</u>

<u>Pro Se</u>

<u>2870 Los Feliz Pl, Los Angeles, CA 90039</u>

<u>#S240</u>

<u>773-354-9988</u>

<u>anesbit91@gmail.com</u>

Under Penalties of Perjury

Signature:  **<u>Andre Nesbit</u>**